UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-P77-M
CRIMINAL ACTION NO. 1:01CR-28-M

BRIAN SCOTT BEECHUM                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

MEMORANDUM OPINION

The movant, Brian Scott Beechum, filed a motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 (§ 2255).  By prior order, this court directed him to show

cause why his motion should not be dismissed as untimely.  Through counsel, Beechum timely

complied, and the motion and his response are now before the court for preliminary review

pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts.[1]  Because the court concludes that the § 2255 motion is time-barred, it will deny

the motion and dismiss the action.

I.

Beechum concedes that his conviction was final more than one year prior to his filing the

§ 2255 motion.  He believes, however, that his motion is timely under § 2255 ¶ 6(3) because the

Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 756 (2005),

which held that "[a]ny fact (other than a prior conviction) which is necessary to support a

sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," is

_____

[1]Rule 4(b) provides, in part, ". . . If it plainly appears from the motion ... that the moving
party is not entitled to relief,  the judge must dismiss the motion and direct the clerk to notify the
moving party...."

retroactively applicable to his motion, notwithstanding the Sixth Circuit's pronouncement to the

contrary. *See Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005), *petition for cert.*

*filed*, (U.S. May 17, 2005) (No. 05-5130).[2]

From a review of Beechum's response, he appears to advance two arguments.  In the

first, he essentially argues that *Humphress* was wrongly decided, that his sentence is

unconstitutional, and that he should be resentenced.  This argument is clearly foreclosed by the

*Humphress* decision itself as this court is bound by the decisions of the Sixth Circuit and has no

authority to overrule any appellate decision.  *Kennard v. United Parcel Service, Inc.*, 531

F.Supp. 1139, 1142 (D.C. Mich. 1982) ("Unlike an appellate court, a district court cannot shape

decisional law by overruling precedent, since it lacks the power to do so, but instead merely

applies the law as it finds it.").

In the second argument, Beechum claims that *Humphress* did "not adequately address the

situation at hand" in that it only addressed one aspect of *Booker*'s potential retroactive

application.  *Humphress*, he claims, failed to discuss the retroactivity issue with respect to the

appropriate standard of review (*i.e.,* "preponderance of the evidence" versus "beyond a

reasonable doubt").  Without expounding further, Beechum refers the court to *United States v.*

*Siegelbaum*, 359 F.Supp.2d 1104 (D.Or. 2005).

In *Siegelbaum*, the movant challenged his sentence enhancements in a § 2255 motion.  In

denying Siegelbaum's motion, the Oregon District Court specifically withheld ruling on whether

it thought *Booker* applied retroactively to a § 2255 action.  However, in *dicta* it took issue with

---

[2]The Supreme Court is scheduled to consider the certiorari application on September 26,
2005. *See* http://www.supremecourtus.gov/docket/05-5130.htm.

the manner in which the appellate courts have reviewed the retroactive applicability of *Booker*

and stated:

> The government asserts that retroactive application of *Blakely/Booker* is foreclosed by *Schriro* [*v. Summerlin*, 124 S.Ct. 2519 (2004)]. That is only partly true. *Schriro* held that a rule "requiring that a jury rather than a judge find the essential facts bearing on punishment" in capital cases would not be applied retroactively to cases on collateral review. *Id.* at 2523-26. The Court was not persuaded that accuracy is so seriously diminished by judicial factfinding as to produce an impermissibly large risk of injustice. *Id.*
>
> *Schriro* addressed only the allocation of factfinding responsibility between the judge and jury. There is a second component to *Blakely/Booker* that *Schriro* did not address, namely, that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence.

*Siegelbaum*, 359 F.Supp.2d at 1107. This appears to be the precise argument that Beechum

advances here. In other words, Beechum argues the *Humphress* decision is an incomplete

analysis of the retroactivity issue because it did not speak specifically to the retroactivity of the

more rigorous burden of proof. The court is not persuaded by this argument. In *Humphress*, the

Sixth Circuit specifically set forth the "new rule" it was reviewing for purpose of its retroactivity

analysis, including the applicable standard of review. It makes little sense to piece-meal

*Booker*'s ruling in the manner suggested here, and Beechum provides no support for this court to

do so.[3]

---

[3]The Supreme Court recently denied certiorari review to a petitioner, who advanced this very same argument with respect to the Seventh Circuit's conclusion in *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *cert. denied* 125 S.Ct. 2559 (Jun. 6, 2005), that *Booker* was not retroactively applicable to cases on collateral review. *Nance v. United States*, No. 04-1484, 2005 WL 1105236 (U.S. May 9, 2005). In maintaining that the burden of proof issue in *Booker* is retroactively applicable, Nance (like Beechum) argued:

> ...The requirement that sentencing determinations be made under a rigorous standard of proof is central to *Booker*'s constitutional holding - and *Summerlin*,
> (continued...)

II.

Before Beechum may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability even though the movant made no request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the

---

[3](...continued)
which is premised on the accuracy of judicial factfinding, admittedly does not speak to the retroactivity of such a burden-of-proof requirement....

* * * * *

In focusing solely on *Summerlin*, the decisions of the Courts of Appeals [including the Sixth Circuit's decision in *Humphress*] are not only analytically incomplete, but also reach a conclusion that is inconsistent with this Court's retroactivity precedents....

*Id.* (internal citations and quotations omitted).  On June, 13, 2005, the Supreme Court denied Nance's petition.  125 S.Ct. 2920, 2005 WL 1113829 (U.S. Jun. 13, 2005).

motion or that the movant should be allowed to proceed further. *Slack*, 529 U.S. at 584. In such a case, no appeal is warranted. *Id.* This court is satisfied that no jurists of reason could find its procedural ruling to be debatable.

Because Beechum's § 2255 motion is untimely, the court will deny the motion and dismiss the action. It will enter an order that is consistent with this memorandum opinion.

Date:

cc:     Counsel of Record
        4414.002

5